| |
|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**DAVIDOFF HUTCHER & CITRON LLP**<br>605 Third Avenue<br>New York, New York 10158<br>Telephone: (646) 428-3235<br>Andreas Koutsoudakis, Esq. (aak@dhclegal.com)<br>Robert L. Rattet, Esq. (rlr@dhclegal.com)<br>(Admitted in New York)<br><br>*Proposed Counsel for the Debtors and Debtors-in Possession* |
| In re:<br><br>    ENGLEWOOD HOSPITALITY LLC.,<br><br>                  Debtor.[1] |
| In re:<br><br>    LEFKES DELRAY LLC,<br><br>                  Debtor. |

Chapter 11 (Subchapter V)

Case No. 25-22962 (   )

Joint Administration Pending

Chapter 11 (Subchapter V)

Case No. 25-22963 (   )

Joint Administration Pending

**DEBTORS' MOTION FOR AN ORDER, PURSUANT**
**TO 11 U.S.C. § 105 AND BANKRUPTCY RULE 1015, DIRECTING**
**THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

Englewood Hospitality LLC ("Englewood"), and Lefkes Delray LLC, ("Lefkes"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby submit this motion (the "Motion")[2] seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing and authorizing the joint administration of these related Chapter 11 cases (the "Chapter 11 Cases") and

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Englewood Hospitality LLC (5019), and (ii) Lefkes Delray LLC (0470). The Debtors' primary address is 495 Sylvan Avenue, Englewood Cliffs, NJ 07632.

[2] Capitalized terms used but not yet defined herein have the meanings ascribed to them later in this Motion or First Day Declaration, as applicable.

the consolidation thereof for procedural purposes only, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors rely upon the *First Day Declaration* which is being filed contemporaneously herewith and incorporated herein by reference, and respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Section 105 of the Bankruptcy Code and Bankruptcy Rule 1015.

## BACKGROUND

4. On December 8, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to Subchapter V of the Bankruptcy Code commencing these Chapter 11 Cases in the United States Bankruptcy Court for the District of New Jersey (the "Court").

5. The Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtors' Chapter 11 Cases. NO Subchapter V Trustee has yet been appointed.

7. For a detailed description of the Debtors and their operations, the Debtors

2

respectfully refer the court and parties-in-interest to the *First Day Declaration* being filed contemporaneously herewith, and which is incorporated herein.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order directing the joint administration of the Debtors' Chapter 11 Cases and the consolidation thereof for procedural purposes only.

9. The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for these Chapter 11 Cases under the case of Englewood. In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each of these Chapter 11 Cases substantially as follows:

> An order has been entered in accordance with Rule 1015 of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of Englewood Hospitality LLC; and Lefkes Delray LLC, under lead Case No. 25-22962.

10. The Debtors further request that these Chapter 11 Cases be administered under a consolidated caption, as follows:

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**DAVIDOFF HUTCHER & CITRON LLP**<br>605 Third Avenue<br>New York, New York 10158<br>Telephone: (646) 428-3235<br>Andreas Koutsoudakis, Esq. (aak@dhclegal.com)<br>Robert L. Rattet, Esq. (rlr@dhclegal.com)<br>(Admitted in New York)<br><br>*Proposed Counsel for the Debtors and Debtors-in Possession* | |
| In re:<br>   ENGLEWOOD HOSPITALITY LLC.,<br><br>                  Debtor. [1] | Chapter 11 (Subchapter V)<br><br>Case No. 25- 22962 (   )<br><br>Joint Administration Pending |

3

---

[1] The Debtors and the last four digits of the Debtors' federal tax identification number are: (i) Englewood Hospitality LLC (5019), and (ii) Lefkes Delray LLC (0470). The Debtors' primary address is 495 Sylvan Avenue, Englewood Cliffs, NJ 07632.

11. The Debtors also seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the United States Trustee for Region 3, on a consolidated basis but intend to track and break out disbursements on a debtor-by-debtor basis in each monthly operating report

## BASIS FOR RELIEF

12. Bankruptcy Rule 1015(b) provides in relevant part, as follows: "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Bankruptcy Rule 1015(b).

13. The Debtors in these Chapter 11 Cases are "affiliates" as defined under section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

14. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

15. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

16. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the

4

Chapter 11 Cases. Likewise, joint administration will ease the burden on the office of the United States Trustee for the District of New Jersey in supervising these Chapter 11 Cases

17. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

18. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

19. Courts in this District order the joint administration of chapter 11 cases involving multiple, related debtor entities. *See, e.g., In re: Duro Dyne National Corp.*, Case No. 18-27963 (MBK) (Bankr. D.N.J. September 7, 2018); I*n re RWRF, Inc.*, Case No. 17-32958 (JKS) (Bankr. D.N.J. Nov. 15, 2017); *In re Mountain Creek Resort, Inc.*, Case No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re Cinram Group, Inc.*, Case No. 17-15258 (VFP) (Bankr. D.N.J. Mar. 24, 2017).

20. For the foregoing reasons, the Debtors respectfully submit that the joint administration of their Chapter 11 Cases is appropriate and should be directed.

### THE REQUIREMENTS OF BANKRUPTCY RULE 6003(B) ARE SATISFIED

21. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one (21) days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause

irreparable harm. Furthermore, the failure to receive the requested relief during the first twenty-one (21) days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. The requested relief is vital to a smooth transition into chapter 11. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested herein.

## WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

22. To implement the foregoing successfully, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## WAIVER OF MEMORANDUM OF LAW

23. Because the factual and legal basis upon which the Debtors rely are incorporated herein and the Motion does not raise any novel issues of law, the Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3).

## RESERVATION OF RIGHTS

24. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval of assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

## NOTICE

25. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the District of New Jersey (ii) the Subchapter V Trustee; (b) the Internal Revenue

Service; (c) the Debtors' consolidated top twenty (20) largest unsecured creditors, and (d) all other parties required to receive service under the Bankruptcy Rule 2002.

26. In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

27. No prior motion for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of an order, in the form annexed hereto as **Exhibit A** authorizing the joint administration of these Chapter 11 Cases for procedural purposes only and granting such other and further relief as is just and equitable.

Dated: December 8, 2025
      White Plains, New York

Respectfully submitted,

By: */s/ Andreas Koutsoudakis, Esq.*
    Andreas Koutsoudakis
    Robert L. Rattet, Esq.
    Craig M. Price, Esq.

**DAVIDOFF HUTCHER & CITRON LLP**
605 Third Avenue
New York, New York 10158
Telephone: (646) 428-3235
Email:  aak@dhclegal.com
         rlr@dhclegal.com
         cmp@dhclegal.com

*Proposed Counsel to the Debtors and Debtors in Possession*